# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9409 | **DATE** | December 12, 2012 |
| **CASE TITLE** | Willie Thomas (B-76493) vs. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [3] is denied without prejudice to Plaintiff submitting a completed IFP application in accordance with this order. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that names proper Defendants. Plaintiff is given 30 days from the date of this order to both (1) submit a completed IFP application or, in the alternative, pre-pay the $350 filing fee and (2) submit an amended complaint in accordance with this order. Plaintiff's failure to comply will result in summary dismissal of this case. The clerk shall send Plaintiff an IFP application and an amended complaint form.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff Willie Thomas, currently incarcerated at the Sheridan Correctional Center, has filed this civil rights action pursuant to 42 U.S.C. § 1983 concerning his confinement at the Cook County Jail in 2011. He names as Defendnats Cook County Sheriff Tom Dart, Cook County Jail, Jail "Executive Staff," and "Medical Staff." Plaintiff alleges that he entered the jail with several medical conditions: an injured hip from a 1999 gunshot wound, high blood pressure, and "damage to his left eye." Although he was seen by medical staff upon entering the jail, he states that the medical staff did nothing to treat his conditions during his confinement at the jail from January to September 2011. Nor was he allowed to use a cane, forcing him to walk next to walls for support.

    Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"). His application, however, contains a certificate from an officer at Logan Correctional Center dated November 15, 2011, and a trust fund statement from Logan from January to February 2012. The Prison Litigation Reform Act requires every prisoner to pay the full filing fee for each suit filed in federal court. If he is unable to pre-pay the $350 filing fee, he may submit an IFP application to pay the fee with monthly deductions from his prison trust fund account. In order for this Court to determine if Plaintiff qualifies for pauper status and to assess an initial partial payment of the filing fee, Plaintiff must submit a completed and current IFP application, which not only includes a current certificate from an authorized officer but also "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff should be able to obtain these documents from his current place of confinement. Plaintiff's IFP application is thus denied without prejudice to Plaintiff submitting a completed one or, alternatively, prepaying the $350 filing fee.

    Additionally, the Court has conducted its preliminary review of Plaintiff's complaint, *see* 28 U.S.C. §1915A, which cannot proceed as currently drafted. The Cook County Jail, its "Executive Staff," and its "Medical Staff" are not parties separate from Cook County and are not suable entities that can be named as Defendants. *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). The only party properly named as Defendant is Sheriff Tom Dart; however, Plaintiff does not state how Dart was involved with either Plaintiff's medical care or his ability to use a cane. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010);

| STATEMENT |
|---|

*Board v. Farnham*, 394 F.3d 469, 479-80 (7th Cir. 2005) (there is no respondeat superior in a § 1983, and a defendant cannot be held liable for the constitutional torts of others; instead, the defendant must have participated in some way to be liable in his individual capacity or the plaintiff must demonstrate an unconstitutional custom or policy to hold him liable in his official capacity). Not having indicated how Dart was involved, Plaintiff has not presented a claim upon which this Court can grant relief. The Court notes that the complaint indicates that officers in Divisions 6, 11, and 14, where Plaintiff was housed, allegedly refused his requests for a cane and that he visited three or four doctors while at the facility. These individuals may be the proper parties to name as Defendants, if they knew that Plaintiff had a serious medical condition but refused to take reasonable steps to address the condition. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

    Accordingly, the complaint is dismissed. The dismissal is without prejudice to Plaintiff either naming as Defendants the individuals who refused to allow him to use a cane and/or who refused him medical attention, or alleging that there was an unconstitutional custom or policy at the jail. If Plaintiff does not know the names of the individuals, he may refer to them as John or Jane Doe (indicating their positions, such as superintendent of a particular division, doctor, medical technician) and keep Tom Dart as a Defendant in order to identify the individuals by name.

    Plaintiff is advised that there is a two-year statute of limitations for § 1983 claims in Illinois, and he must identify Defendants by name within two years (not including the time administrative proceedings were pending) of the date of the incident giving rise to his claim. *Klebanowski v. Sheahan,* 540 F.3d 633, 638 (7th Cir. 2008). Plaintiff is further advised that an amended complaint replaces previously filed complaints and must stand complete on its own. The Court will refer only to the amended complaint when determining the claims and parties to this case. Also, Plaintiff must submit a judge's copy and a service copy for each named Defendant. Additional copies may be requested if needed. Plaintiff is given 30 days from the date of this order to satisfy the filing fee requirement and submit an amended complaint. If the Court receives no pleadings within 30 days, this case will be summarily dismissed.