Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9409 | **DATE** | March 19, 2013 |
| **CASE TITLE** | Willie Thomas (B-76493) vs. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [7] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to deduct $5.80 from Plaintiff's trust fund account as an initial partial filing fee and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Seridan Correctional Center. Plaintiff may proceed with his amended complaint [6] against Cook County Sheriff Tom Dart. The other Defendants (unspecified John and Jane Does) are dismissed without prejudice. The clerk shall issue summons for service of the amended complaint on Tom Dart and shall send Plaintiff a Magistrate Judge consent form and instructions for filing documents in this Court.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff Willie Thomas, currently incarcerated at the Sheridan Correctional Center, has submitted an amended complaint and a completed *in forma pauperis* application in accordance with the Court's December 12, 2012, order. Plaintiff alleges that he entered the Cook County Jail in January 2011. With each jail division in which he was housed (Divisions 6, 11, and 14), he was seen by a doctor who allegedly ordered that he be allowed to use his cane for a pre-existing hip injury. The lieutenants and sergeants of each division allegedly refused him such use. Jail physicians also allegedly ordered that Plaintiff receive physical therapy, but Plaintiff states that he never received any. Plaintiff states that Tom Dart prevented him from using a cane despite doctors' orders, thus forcing him to walk along walls to move throughout the jail.

    The Court grants Plaintiff's current *in forma pauperis* ("IFP") motion and assesses an initial partial filing fee of $5.80. The trust fund officer at Plaintiff's place of incarceration is directed to collect the initial partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. This payment obligation will follow Plaintiff in the event he is transferred.

    The Court having conducted a preliminary review of the amended complaint's allegations set out above, *see* 28 U.S.C. § 1915A, Plaintiff may proceed against Tom Dart with his claim that he was denied the use of a cane despite the jail physicians' orders. *See Powers v. Snyder*, 484 F.3d 929 (7th Cir. 2007) (allegations of prison officials not providing an inmate with a crutch or cane, despite knowing that he suffered from arthritis and bone degeneration in his hip stated a deliberate indifference claim). Although it is unclear if Dart was directly involved with denying the use of a cane for Plaintiff, his allegations at least infer a policy or custom of not

| STATEMENT |
|---|

allowing use of a cane by a detainee. *See Stewart v. Cermak Health Services at Cook County Dept. of Corrections*, No. 07 C 6172, 2010 WL 4284898, 4 (N.D.Ill. Oct. 20, 2010) (Zagel, J.) (inmate allowed to proceed with official capacity claims against jail officials challenging a policy or custom of not allowing use of a cane or crutch despite a doctor's orders).

The other Defendants, as well as the claim that some of them may have denied Plaintiff physical therapy, are dismissed. Although a plaintiff may refer to a defendant as John or Jane Doe when he does not know the defendant's name, Plaintiff in this case refers to all the sergeants and lieutenants in three of the jail's divisions. Under the notice-pleading requirement, Plaintiff must indicate how each Defendant was involved. Plaintiff's broad inclusion of an unknown number of officers is too vague to allow him to proceed against them. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (a plaintiff must allege sufficient facts "to adequately connect specific defendants to illegal acts"). If Plaintiff learns the names of officers and is able to state a claim against them, he may submit an amended complaint to include them, so long as it is within the limitations period to do so. *See id.* at 578–79 (statue of limitations for § 1983 claims in Illinois is two years).

The clerk shall issue summonses for service of the amended complaint on Tom Dart. The United States Marshals Service is appointed him. Any service forms necessary for Plaintiff to complete for the Marshal to accomplish service will be sent by the Marshal to Plaintiff. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendant. With respect to any former employee no longer at the work address provided by plaintiff, Cook County Jail officials shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the court's file nor released by the Marshal. The Marshal is authorized to mail a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any filing to defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.